JUDGE ENGELMAYER **12 CIV 9262**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone:     (212) 317-1200
Facsimile:     (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSE PEREZ and JORGE PEREZ,
*individually and on behalf of others similarly
situated,*

                                    *Plaintiffs,*

                    -against-

MATRAT LLC (d/b/a GUY AND
GALLARD), TAREQ AHMED,

                                    *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**Collective Action under 29 U.S.C. §
216(b)**

**ECF Case**

Jose Perez and Jorge Perez ("Plaintiffs"), individually and on behalf of others similarly

situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon their

knowledge and belief, and as against MATRAT LLC (d/b/a Guy and Gallard) ("Defendant

Corporation" or "Guy and Gallard") and Tareq Ahmed (together with Defendant Corporation,

"Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of Defendants MATRAT LLC (d/b/a Guy and

Gallard) and Tareq Ahmed.

2.      Defendants own, operate, and/or control a deli/catering service located at 180

Madison Avenue, New York, New York 10016 under the name Guy and Gallard.

3.      Plaintiffs were employed by defendants as food preparers and cleaners,  and ostensibly employed as delivery workers. However the delivery workers were also required to perform various other restaurant duties, such as preparing fruits, stocking sodas, juices and bottles of water in the refrigerators, sweeping and mopping, stocking deliveries in the basement, bringing up warm plates to the counter workers on the second floor, taking out the garbage and preparing dressings.

4.      At all times relevant to this complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

5.      Defendants employed and accounted for several Plaintiffs as delivery workers in their payroll, but in actuality their duties required greater or equal time spent in non-tipped functions, including those outlined above.

6.      Regardless, at all times Defendants paid these Plaintiffs at the lowered tip-credit rate.

7.      However, under state law Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

8.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying them at the minimum wage

rate, and to enable them to pay Plaintiffs at the lower tip-credited rate by designating them as delivery workers instead of as non-tipped employees.

9.      For at least six years prior to the filing of this action, continuing to the present, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other delivery employees' tips and made unlawful deductions from Plaintiffs' and other delivery employees' wages.

10.     Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiffs now seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

15.     Jose Perez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Bronx County, New York. He was employed by Defendants from approximately 2004 until October 29, 2012.

16.     Jorge Perez ("Plaintiff Jorge" or "Mr. Jorge") is an adult individual residing in Bronx County, New York. He has been employed by Defendants from approximately April 2007 until the present date.

### *Defendants*

17.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a Deli/catering service located at 180 Madison Avenue, New York, New York 10016, under the name Guy and Gallard.

4

18.     Upon information and belief, MATRAT LLC is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 180 Madison Avenue, New York, New York 10016 and its corporate headquarters at 245 West 38th Street, New York, NY 10018.

19.     Defendant Tareq Ahmed is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tareq Ahmed is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

20.     Upon information and belief, Defendant Tareq Ahmed possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

21.     Defendant Tareq Ahmed determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

22.     Defendants operate a deli/catering service under the name "Guy and Gallard," located in the midtown district of Manhattan.

23.     Upon information and belief, Individual Defendant Tareq Ahmed possesses operational control over the Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

5

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant Tareq Ahmed operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as entities legally separate and apart from himself, by, among other things:

   a.  failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

   b.  defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c.  transferring assets and debts freely as between all Defendants;

   d.  operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

6

  e. operating the Defendant Corporation for his own benefit and maintaining control

    over it as a closed corporation or closely held controlled entity;

  f. intermingling assets and debts of his own with the Defendant Corporation;

  g. diminishing and/or transferring assets to protect his own interests; and

  h. other actions evincing a failure to adhere to the corporate form.

  31. At all relevant times, Defendants were Plaintiffs' employers within the meaning

of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs,

control the terms and conditions of employment, and determine the rate and method of

compensation in exchange for their services.

  32. In each year from 2006 to present, Defendants, both separately and jointly, had a

gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

  33. In addition, upon information and belief, Defendants and/or their enterprise were

directly engaged in interstate commerce. For example, numerous items that were used and sold

daily at Guy and Gallard, such as meats and beverages, were produced outside the state of New

York.

<em>Plaintiffs</em>

  34. Plaintiffs are former and present employees of Defendants, who were ostensibly

employed as delivery workers and as food preparers and cleaners. However the delivery workers

had to do a variety of non-tip tasks at the deli/catering service.

  35. Plaintiffs seek to represent a class of similarly situated individuals under 29

U.S.C. 216(b).

<em>Plaintiff Jose Perez</em>

36. Plaintiff Perez was employed by Defendants from approximately 2004 until October 29, 2012.

37. During the period relevant to this case, Plaintiff Perez was employed as a food preparer and cleaner.

38. Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

39. Plaintiff Perez's work duties required neither discretion nor independent judgment.

40. Plaintiff Perez regularly worked in excess of 40 hours per week.

41. From approximately December 2006 until November 2012, Plaintiff Perez worked a schedule from 4:30 a.m. until 4:00 p.m., Mondays through Thursdays and from 4:30 a.m. to 3:00 p.m. on Fridays (typically 56.5 hours per week).

42. Plaintiff Perez was paid his wages in cash.

43. From approximately December 2006 until on or about November 2007, Plaintiff Perez was paid $7.75 per hour.

44. From approximately November 2007 to November 2008, Plaintiff Perez was paid $9.00 per hour.

45. From approximately November 2008 until on or about November 2010, Plaintiff Perez was paid $9.50 per hour.

46. From November 2010 to October 2012, Plaintiff Perez was paid $10.00 per hour.

47. Defendants did not provide Mr. Perez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

48.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

49.     Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including approximately 20 black dress pants for $20 each, 25 blue dress shirts for $11 each and 12 pairs of black dress shoes for $50.00 each. Thus, the total cost of the "tools of the trade" that Plaintiff Perez was required to purchase as a food preparer and cleaner was approximately $1075.00.

### *Plaintiff Jorge Perez*

50.     Plaintiff Jorge has been employed by Defendants from approximately April 2007 until the present date.

51.     Plaintiff Jorge ostensibly has been employed by Defendants as a delivery worker.

52.     However, throughout his employment, Plaintiff Jorge has spent over five hours of his workday performing non-delivery worker duties including those outlined above.

53.     Plaintiff Jorge regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

54.     Plaintiff Jorge's work duties have required neither discretion nor independent judgment.

55.     Plaintiff Jorge regularly has worked in excess of 40 hours per week.

56.     From approximately April 2007 until the present date, Plaintiff Jorge has worked from 6:00 a.m. until 6:00 p.m., five days a week (typically 60 hours per week).

57.     Throughout his employment with Defendants, Plaintiff Jorge has been paid his wages in cash.

58.     From approximately April 2007 until the present date, Plaintiff Jorge has been paid $5.00 per hour.

59.     Plaintiff Jorge was never notified by Defendants that his tips would be included as an offset for wages.

60.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Jorge's wages.

61.     In addition, Defendants withhold most of the tips clients pay Plaintiff Jorge when he makes a catering delivery.

62.     Defendants do not provide Mr. Jorge with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

63.     No notification, either in the form of posted notices, or other means, has been given to Plaintiff Jorge regarding overtime and wages under the FLSA and NYLL.

64.     Defendants have required Plaintiff Jorge to purchase "tools of the trade" with his own funds—including 20 black dress pants for $20 each and 15 pairs of work  shoes for $60.00 each. Thus, the total cost of the "tools of the trade" that Plaintiff Jorge has been required to purchase as a delivery worker is approximately $1300.00.

*Defendants' General Employment Practices*

65.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

66.     Defendants required Plaintiffs to perform several non-tip-related tasks for over two hours of each work day, in addition to their primary role as delivery workers. These responsibilities included

10

everything from preparing fruits, stocking sodas, juices and bottles of water in the refrigerators, sweeping and mopping, stocking deliveries in the basement, bringing up warm plates to the counter workers on the second floor, taking out the garbage and preparing dressings.

67.     Plaintiffs were employed ostensibly as delivery workers(tipped employees), and as food preparers and cleaners by Defendants, although their actual duties included much greater time spent in non-tipped functions.

68.     Plaintiffs who worked as delivery workers were paid at the lowered tip-credited rate by Defendants, however, under state law Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever were less) (12 N.Y.C.R.R. § 146).

69.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70.     The work duties of Plaintiffs hired as delivery workers were not incidental to their occupation as delivery workers but instead constituted entirely unrelated occupations with duties such as those outlined above. While performing these duties, Plaintiffs did not receive tips; therefore, it constituted a non-tipped occupation, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiffs worked in this role.

71.     In violation of federal and state law as codified above, Defendants classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This pattern, practice and/or policy included depriving delivery workers of a portion of the tips earned during the course of employment.

73.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiffs in violation of New York Labor Law § 196-d (2007).

74.     Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

75.     Plaintiffs have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

76.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

77.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

78.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

79.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

80.     Plaintiffs were paid their wages entirely in cash.

81.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

82.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA.

83.     At all relevant times, Plaintiffs, and other members of the FLSA class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

84.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.   At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

129.   Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control their terms and conditions of employment, and determine the rate and method of any compensation.

130.   At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

131.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

132.   Defendants failed to pay Plaintiffs (and the FLSA class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

133.   Defendants' failure to pay Plaintiffs (and the FLSA class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

134.   Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

135.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.   Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

137.   Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

138.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
#### (Violation of the New York Minimum Wage Act)

139.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

141.    Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

142.    Defendants, in violation of the NYLL, paid Plaintiffs (and the FLSA class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

143.    Defendants' failure to pay Plaintiffs (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

144.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
#### (Violation of the Overtime Provisions of the New York Labor Law)

145.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.    Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

147.    Defendants failed to pay Plaintiffs (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

148.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

149.    Plaintiffs (and the FLSA class members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

150.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.    Defendants failed to pay Plaintiffs (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

152.    Defendants' failure to pay Plaintiffs (and the FLSA class members) an additional hour's pay for each day Plaintiffs' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

153.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA

17

Class;

       (j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

       (k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

       (l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA class members;

       (m)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

       (n)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

       (o)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

       (p)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

       (q)     All such other and further relief as the Court deems just and proper.


Dated: New York, New York
       December 19, 2012

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____

Michael Faillace [MF-8436]

60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*